# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | 2:09-cr-00013-GMN-VCF |
| vs. | **REPORT AND RECOMMENDATION** |
| RICHARD ANDREW BROKER, | **(Request for Hearing and Petition for** |
| Defendant. | **Modification of Conditions or Terms of** |
| | **Supervision #88)** |

## REPORT & RECOMMENDATION

Before the court is the United States Probation Department's Request for Hearing and Petition for Modification of Conditions or Terms of Supervision.  (#88).  As discussed below, the undersigned United States Magistrate Judge recommends ordering defendant Richard Andrew Broker to reside in a halfway house on his current conditions of supervised release (#84) until further order from the court

### RELEVANT FACTS

An indictment was filed against defendant Broker on January 14, 2009 (#1), and defendant made his initial appearance on February 13, 2009 (#12).  Defendant appeared before the court on February 17, 2009, for his arraignment and plea, detention hearing, and status conference regarding competency. (#17).  Defendant entered a guilty plea on April 4, 2011 (#62), and was sentenced on October 13, 2011 (#81).  Judgment was entered against defendant Broker on November 1, 2011.  (#83).  An amended judgment was entered against defendant Broker on November 4, 2011, ordering defendant to be imprisoned for a period of fifty-seven (57) months, followed by three (3) years of supervised release.

(#84).  Defendant was ordered to comply with the standard conditions of supervision, as well as several special conditions of supervision, including mental health treatment.  *Id.*

On January 18, 2013, defendant Broker was released from prison.  (#88).  Prior to defendant's release, the Probation Department attempted to modify his conditions to include participation in the residential re-entry program, as defendant Broker had no address to be released to.  *Id.*  Defendant Broker did not agree with the Probation Department's recommendation and refused to sign a waiver of hearing form to modify conditions of release.  *Id.*  On January 23, 2013, the Probation Department filed a request for hearing and petition to modify conditions or terms of supervision, asking the court to issue summons to address Broker's refusal to sign the waiver.  *Id.*   The petition asked the court to amend defendant Broker's conditions of supervision to include the following: "You shall reside at and participate in the program of a residential re-entry center for a period of six months as approved and directed by the probation officer."  *Id.*

On January 23, 2013, the Honorable Gloria M. Navarro signed the petition and ordered the "issuance of a summons to address defendant Broker's refusal to sign Probation Form 49 (Waiver of Hearing) to modify conditions of release."  (#89).  On January 28, 2013, the Clerk of the Court issued a SEALED summons as to defendant Broker, ordering him to appear in court on January 29, 2013, at 3:00 p.m.  (#91).   The matter was referred to undersigned Magistrate Judge for a finding and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4.  On the same day, the undersigned issued a minute order setting a hearing on the petition (#88) for January 29, 2013.  (#92). The court issued a minute order on January 29, 2013, rescheduling the hearing for 3:45 p.m. (#93).  The court held a hearing on January 29, 2013, and Christina Brown appeared on behalf of the government, Nisha Brooks-Whittington appeared on behalf of the defendant, who was present and on supervised release, and Joy Gabonia appeared on behalf of the Probation Department.  (#94).

Defendant represented to the court during the hearing that he would prefer to be afforded the opportunity to acquire his own residence, and that he has not been able to because the Bureau of Prisons did not provide him with the funds from his prison account or his I.D. *Id.* The Probation Department represented that defendant was released without his medications, and asked this court to modify defendant's conditions of supervised release to include the condition that he must reside in the halfway house for a period of six months. *Id.* The government expressed concerns with defendant staying at the motel he is currently residing at, and asked the court to follow the recommendation of probation. *Id.* Defense counsel represented to the court that she would accompany her client to the Probation Department to review and sign the release forms requested by probation. *Id.*

### RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that defendant Broker be ordered to reside in the halfway house on his current conditions of supervised release until further order from the court.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 30th day of January, 2013.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE