DANIEL G. BOGDEN
UNITED STATES ATTORNEY

CHRISTINA M. BROWN
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 500
Las Vegas, Nevada 89101
(702) 388-6336
(Fax) 388-6020

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>RICHARD ANDREW BROKER,<br>  aka Richard Lee Daggett,<br><br>   Defendant. | 2:09-cr-00013-GMN-VCF<br><br>**UNITED STATES' MOTION FOR COURT ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EVALUATION OF DEFENDANT** |

The United States, through Assistant United States Attorney Christina M. Brown, hereby seeks a written Order from the Court for a competency determination of the defendant pursuant to 18 U.S.C. §§ 4241(a) and 4247.

In support, the government states as follows:

On October 13, 2011, the defendant was convicted and sentenced to a term of 57 months imprisonment for Possession a Unregistered Firearms in violation of 26 U.S.C. §§ 561(d) and 5871, Manufacture of Unregistered Firearm in violation of 26 U.S.C. §§ 5681(f) and 5871, and Criminal Forfeiture in violation of 26 U.S. C. § 5872 and 18 U.S.C. §2461(c). On January 18, 2013, the defendant's period of supervised release commenced.

Since the onset of supervised release, the defendant has experienced compliance difficulties, including his refusal to comply with basic requirements of the U.S. Office of Probation and Parole and refusal to comply with Court directives to sign paperwork to give effect to mandated conditions of release. The defendant has also reportedly been committed to psychiatric facilities on at least two occasions since his release from imprisonment.

On February 5, 2013, Probation filed a Petition to Revoke Supervised Release. On February 18, 2013, the defendant appeared in custody before this Court with appointed counsel. The defendant informed the Court that he would not communicate with appointed counsel and considered counsel to be acting contrary to his interests. Appointed counsel advised the Court that the defendant had in open court made death threats against counsel, whereupon the Court relieved appointed counsel and appointed new counsel.

The United States moved for a competency examination of the defendant based in part upon reports that the defendant was non-compliant with his prescribed psychotropic medications, his extensive psychiatric history, and *pro se* filings in which he claimed to hear voices and made other claims indicating that the defendant is potentially experiencing dissociation with reality. The Court granted the government's request for a competency evaluation.

On March 7, 2013, the undersigned spoke with newly-appointed counsel concerning a stipulation for a competency examination. Defendant's counsel informed the undersigned that she recently met with the defendant and that the defendant refuses to submit voluntarily to or agree to such an evaluation.

The United States therefore seeks an Order from the Court for an evaluation to determine the defendant's mental competence. Based on the record and the finding of the Court, there is a "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to ...assist properly in his defense." 18 U.S.C. § 4241(a). As such, the United States believes that an examination to determine whether the defendant is mentally competent to participate in these proceedings is necessary.

WHEREFORE, the United States moves for an Order that the defendant shall submit to a psychiatric examination, to be conducted in accordance with Title 18, United States Code, Sections 4241 and 4247, to determine:

(1) whether the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature or consequences of the proceedings against him or to assist properly in his defense.

The United States further moves that defendant shall be transported forthwith, in no event

2

1 later than fifteen (15) days, to the closest Federal Medical Facility for this examination.

2       The United States further moves that the parties may, upon request by the facility, release to
3 the medical facility any records which may bear upon a complete and informed evaluation of the
4 defendant's mental competency. Each party releasing such records or information shall provide
5 notice of such release and a true copy of the records or information release.  If privilege is claimed
6 by either party, that party shall bring the matter to the Court's attention for *in camera* review and
7 determination whether the records or information should, in the interest of justice and in fairness be
8 released to the other party.

9       The United States further moves that the Office of Probation and Parole is authorized , upon
10 request by the facility, to release to the facility a copy of the Pre-Sentencing Report prepared by
11 Probation in this case, and may further provide and release any other information that may bear upon
12 a complete and informed evaluation of the defendant's mental competency. In the event that
13 information which is not contained in the Pre-Sentencing Report or Petitions to Modify or Revoke
14 Probation in the instant case are to be released to the medical facility, the Office of Probation shall
15 disclose such to the Court, and the Court shall determine, *in camera*, whether said information
16 should, in the interest of justice and in fairness to the parties, be released to the parties.

17       The United States further moves that the defendant shall be held in said facility for a
18 reasonable period of time, not to exceed 45 days, unless extended by further order of the Court up
19 on showing of good cause by the Director of said facility or pursuant to other appropriate motion for
20 a period of time up to 30 days.

21       The United States further moves that within 45 days from the date of entry of the Order, the
22 Director of said facility at which the examination has been conducted, shall prepare, or cause to be
23 prepared, a psychiatric or psychological report of the defendant, and that the Director shall send
24 copies of such psychiatric or psychological report to the Clerk of the United States Court for the
25 District of Nevada, to Christina M. Brown, Assistant United States Attorney, and Angela Dows,
26 counsel for defendant Mr. Broker.

27       The United States further moves that following the defendant's examination, he shall be
28 forthwith transported back to the District of Nevada.

The United States further moves that said report prepared pursuant to this Order shall include:

(1) Defendant's history and present symptoms;

(2) A description of the psychiatric, psychological or medical tests that were employed and their findings;

(3) The examiner's findings; and

(4) The examiner's opinions as to diagnosis, prognosis, and whether the defendant is competent to stand trial, the test of which is whether he may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

DATED this 7th day of March, 2013.

Respectfully Submitted,

DANIEL G. BOGDEN
United States Attorney


*/s/ Christina M. Brown*
CHRISTINA M. BROWN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br><br>RICHARD ANDREW BROKER,<br>aka Richard Lee Daggett,<br><br>       Defendant. | 2:09-cr-00013-RCJ-LRL<br><br><br>**ORDER** |

Based upon the motion of the United States, and good cause appearing,

IT IS HEREBY ORDERED that in 5accordance with Title 18, United States Code, Sections 4241 and 4247, the United States Marshal Service shall forthwith transport RICHARD ANDREW BROKER, defendant herein, to a suitable Federal Medical Facility closest to the Court, for psychiatric or psychological evaluation to determine:

(1) whether defendant RICHARD ANDREW BROKER may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense; and

IT IS FURTHER ORDERED that defendant RICHARD ANDREW BROKER shall be held in said facility for a reasonable period of time, not to exceed 45 days, unless extended by further order of the Court upon showing good cause by the Director of the said facility or pursuant to other appropriate motion for a period of up to 30 additional days. 18 U.S.C. § 4247(b).

IT IS FURTHER ORDERED that the examination conducted pursuant to this Order be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C.

1  § 4247(b).

2  IT IS FURTHER ORDERED that, upon request by the facility, the parties may release to
3  the medical facility any records which may bear upon a complete and informed evaluation of the
4  defendant's mental competency. Each party releasing such records or information shall provide
5  notice of such release and a true copy of the records or information release. If privilege is claimed
6  by either party, that party shall bring the matter to the Court's attention for *in camera* review and
7  determination whether the records or information should, in the interest of justice and in fairness be
8  released to the other party.

9  IT IS FURTHER ORDERED that the United States Office of Probation and Parole is
10 authorized, upon request by the facility, to release to the facility a copy of the Pre-Sentencing Report
11 prepared by Probation in this case, and may further provide and release any other information that
12 may bear upon a complete and informed evaluation of the defendant's mental competency. In the
13 event that information which is not contained in the Pre-Sentencing Report or Petitions to Modify
14 or Revoke Probation in the instant case are to be released to the medical facility, the Office of
15 Probation shall disclose such to the Court, and the Court shall determine, *in camera*, whether said
16 information should, in the interest of justice and in fairness to the parties, be released to the parties.

17 IT IS FURTHER ORDERED that within 45 days from the date of entry of this Order, or such
18 additional period as may be ordered by the Court, the Director of the said facility at which the
19 examination has been conducted shall prepare, or cause to be prepared, a psychiatric or psychological
20 report to the Clerk of the United States District Court for the District of Nevada, to Christina M.
21 Brown, Assistant United States Attorney, and to Angela Dows, counsel for defendant.

22 IT IS FURTHER ORDERED that the said report prepared pursuant to this Order shall
23 include:

24 (1) Defendant's history and present symptoms;
25 (2) A description of the psychiatric, psychological or medical tests that were employed and
26 their findings;
27 (3) The examiner's findings;
28 (4) The examiner's opinions as to diagnosis, prognosis, and whether the defendant is

competent to stand trial, the test of which is whether he may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**DATED** this 8th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge