# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 2:09-cr-00013-GMN-VCF |
| | ) | |
| RICHARD ANDREW BROKER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On August 9, 2013, a Competency Hearing was held before The Honorable Gloria M. Navarro, United States District Judge, in Courtroom 7D of the United States District Court, to determine the competency of the Defendant Richard Andrew Broker, *aka* Richard Lee Daggett. Present at the hearing were AUSA Christina Brown, representing Plaintiff United States of America, Angela H. Dows, Esq., representing Defendant Richard Andrew Broker, *aka* Richard Lee Daggett. Also present were Joy Gabonia, USPO, and Judith (Betsy) Campbell, Ph.D., Forensic Psychologist, Federal Bureau of Prisons, Federal Medical Center, Lexington, Kentucky. The Defendant, Richard Andrew Broker, *aka* Richard Lee Daggett, was present via video conference from the Federal Bureau of Prisons, Federal Medical Center in Lexington, Kentucky.

Dr. Campbell was called, sworn, and examined by AUSA Brown and Ms. Dows, and thereafter excused. Defendant, Richard Andrew Broker, was then sworn and examined by Ms. Dows and AUSA Brown.

The Court having heard the arguments of counsel, and good cause appearing, makes the following finding:

**THE COURT HEREBY FINDS** by a preponderance of the evidence that the Defendant, Richard Andrew Broker, *aka* Richard Lee Daggett, is presently suffering from a

mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant, Richard Andrew Broker, *aka* Richard Lee Daggett, is **COMMITTED** to the custody of the Attorney General for treatment in a suitable facility for a time **not to exceed four (4) months** to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the revocation hearing to go forward, and for additional time until his mental condition is so improved that the revocation hearing may proceed, or the pending charges are disposed of according to law.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 144) is **DENIED**.

**DATED** this 28th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge